HEATHER E. WILLIAMS, CA SBN #122664
Federal Defender
MEGAN T. HOPKINS, CA SBN #294141
Assistant Federal Defender
Office of the Federal Defender
2300 Tulare Street, Suite 330
Fresno, CA  93721-2226
Telephone: (559) 487-5561
Fax: (559) 487-5950

Attorney for Defendant
DARRYL PARKER

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:17-po-0022 SAB |
| Plaintiff, | **DEFENDANT'S *AMENDED* MOTION TO CORRECT SENTENCE; ORDER** |
| vs. | |
| DARRYL PARKER, | |
| Defendant. | |

Defendant Darryl Parker hereby requests that, pursuant to Federal Rule of Criminal Procedure 35, the Court correct the sentence imposed on February 1, 2017, which exceeded the maximum fine allowable under 38 C.F.R. § 1.218(b).  The government does not oppose this request.

**BACKGROUND**

Mr. Parker was issued a citation[1] for a violation of 38 C.F.R. § 1.218(b)(29) on October 21, 2016.  Mr. Parker did not pay the bailable fine amount for the citation, and failed to appear on his summons date of January 19, 2017, so a warrant issued for his arrest.  On February 1, 2017 Mr. Parker was arrested by the United States Marshals in execution of the warrant and brought before the Honorable Sheila K. Oberto for arraignment.  Mr. Parker reached an agreement with the government for a recommended sentence of 6 months unsupervised

---

[1] Violation number 6354903

probation and a monetary penalty of $115 ($75 fine, $30 processing fee, $10 special assessment), which the Court imposed, setting a payment schedule to begin on March 1, 2017.

Following Mr. Parker's plea and sentence, the parties conferred regarding a discrepancy between the maximum fine set forth in 38 C.F.R. § 1.218(b) and that which was imposed under the general fine provision of 18 U.S.C. § 3571(b)(6). The parties believe that Code of Federal Regulations set the controlling fine amount, as opposed to Title 18. 38 C.F.R. § 1.218(b)(29) sets the maximum fine for a violation of that section at $15.00, plus any processing fee and/or special assessment imposed by the court. Based upon this reading of the regulation, it appears that Mr. Parker was sentenced in error to a fine that exceeds the maximum by $60.00.

**ARGUMENT**

Mr. Parker was erroneously sentenced to a fine that exceeded the maximum prescribed in the Code of Federal Regulations, which is the controlling statute for penalties for violations of Title 38 of that Code.

38 U.S.C. § 901 authorizes the Secretary of the Department of Veterans Affairs to prescribe regulations to provide for the maintenance of law and order and the protection of personals and property on VA property. 38 U.S.C. § 901(a). Those regulations include rules for conduct on VA property as well as the "penalties for violation of such rules." Id. at § 901(b). The statute includes a penalty provision that states that the maximum period of incarceration for violations of the VA regulations shall be six months. Id. at § 901(c). The statute further states that violators are subject to a fine "in accordance with title 18," however the statute then clarifies that the Secretary "may prescribe by regulation a maximum fine less than that which would otherwise apply under the preceding sentence or a maximum term of imprisonment of a shorter period than that which would otherwise apply under the preceding sentence, or both. Any such regulation shall apply notwithstanding any provision of title 18 or any other law to the contrary." Id.

The VA Regulations themselves set forth a "Schedule of Offenses and Penalties." 38 C.F.R. § 1.218(b). That provision states that "whomever shall be found guilty of violating these rules and regulations while on any property under the charge and control of VA is subject to a

fine as stated in the schedule set forth herein…" Id.  Pursuant to that Schedule of Offenses and Penalties, the maximum fine that can be imposed for parking in a restricted area on VA property is $15.00.  38 C.F.R. § 1.218(b)(29).

The Court is permitted to correct a sentence that resulted from "arithmetical, technical, or other clear error" within 14 days after the sentence was imposed.  Fed. R. Crim. P. 35(a).  Here, Mr. Parker was cited for a violation of 38 C.F.R. § 1.218(b)(29), which has a specific maximum fine prescribed by the regulation.  The maximum fine under the regulation is $15.00.  Mr. Parker was sentenced to pay a total fine of $75.00 (apart from processing fees and special assessments).  His fine therefore exceeded the maximum by $60.00, which is a technical error in his sentence.  It is Mr. Parker's request that his sentence be corrected to reflect a fine of $15.00, in addition to the appropriate processing fee and special assessment, pursuant to Rule 35.

                                           Respectfully submitted,

                                           HEATHER E. WILLIAMS
                                           Federal Defender

Date: February 14, 2017                    /s/ Megan T. Hopkins
                                           MEGAN T. HOPKINS
                                           Assistant Federal Defender
                                           Attorney for Defendant
                                           DARRYL PARKER

## O R D E R

Defendant's unopposed request is GRANTED. The Court hereby corrects the fine amount to $15.00, for a total monetary penalty of $55.00 inclusive of the $30.00 processing fee and $10.00 special assessment.

IT IS SO ORDERED.

Dated:   **February 14, 2017**                     /s/ Sheila K. Oberto
                                               UNITED STATES MAGISTRATE JUDGE